UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

FILED
2006 JUL 10 P 3:42

GAIL N. GOWER,

    Plaintiff,

vs.

GRUNDY COUNTY, TENNESSEE
and SHERIFF BRENT MYERS,

    Defendants

Civil Action No. 4:06-cv-32
JURY DEMAND Mattice / Lee

## COMPLAINT

This is a civil action for damages brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964, as amended through 1978, 48 U.S.C. Section 2000e-2(c) (1) concerning a claim of discrimination, and under Tennessee State Law concerning a claim of discrimination and retaliation.

## JURISDICTION

This court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. Section 1331 and Section 1343, as well as the Fifth and Fourteenth Amendments to the United States Constitution, and, as to the claim brought under the laws of the State of Tennessee, pursuant to this court's pendent jurisdiction.

In compliance with 42 U.S.C. § 2000 (e), et seq., the Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission, and she has complied with the conditions precedent to the commencement of this action. She received her notice of suit rights in accordance with 42 U.S.C. § 2000 (e), et seq., from the EEOC by letter dated April 5, 2006, and therefore this action is timely filed. A copy of said letter is attached hereto as Exhibit A.

1

## PARTIES

1. The Plaintiff, Gail N. Gower, ("Mrs. Gower") is a resident of Winchester, Franklin County, Tennessee at present.

2. The Defendant, County of Grundy ("Grundy County"), is a Tennessee Corporate Municipal entity with its seat in Altamont, Tennessee.

3. The Defendant, Brent Myers, current Sheriff of Grundy County, is a resident citizen of Grundy County Tennessee whose residence address is Altamont, Grundy County, Tennessee.

## FACTUAL ALLEGATIONS

4. On or about September 1, 2005, Mrs. Gower applied for employment with the County of Grundy, specifically the Grundy County Sheriff's Department as a Correctional Officer/Jailer at the Grundy County Jail in Altamont, Tennessee.

5. Mrs. Gower was formerly employed by Grundy County as a Corrections Officer, and had previously filed a charge of discrimination against Grundy County/Grundy County Sheriff's Department on or about March 15, 2005, alleging discrimination and retaliatory discharge. This charge of discrimination was filed when Robert Meeks was the Sheriff of Grundy County.

6. Defendant Sheriff Brent Myers, upon being informed of the EEOC charge filed by Mrs. Gower, told Mrs. Gower that he did not care what had happened under the former Sheriff. He informed Mrs. Gower that he was going to form a Committee to do the hiring and firing for the Sheriff's Department and the Jail. He indicated that he would try to go along with the Committee's decision where possible.

7. Defendant Sheriff Myers informed Mrs. Gower that, based upon her previous experience and previous certification as a Corrections Officer, he would give her application serious consideration.

8. Subsequently, however, Defendant Sheriff Myers hired two males with no prior corrections certification and no corrections experience whatsoever.

9. Upon learning of these hirings, Mrs. Gower called Defendant Sheriff Myers, who told her that he had promised these men jobs if he was appointed Sheriff. Mrs. Gower told Defendant Sheriff Myers that she still needed a job and to please review her application. He promised that he would do so.

10. Subsequently, Sheriff Myers hired yet another male with no previous corrections experience and no prior certification whatsoever.

11. Subsequent to hiring the three inexperienced and uncertified males, Defendant Sheriff Myers hired three (3) women, all of whom were much younger than Mrs. Gower, and none of whom had prior experience or certification to work as correctional officers. One of these women is a beautician that was previously brought in by Grundy County on an occasional basis to search female inmates.

12. Mrs. Gower avers that to the best of her knowledge, no committee has ever been formed to consider the hiring and firing for the Sheriff's Department and the Jail.

13. Mrs. Gower avers that Sheriff Brent Myers, acting as the duly elected Sheriff and agent of Grundy County, denied her employment based upon Mrs. Gower's age and sex, as well as in retaliation for her previous EEOC charge of discrimination and retaliatory discharge filed against Grundy County.

14. As a proximate cause of the actions of Defendant Sheriff Brent Myers complained of herein, all of which were performed in his capacity as Sheriff for Grundy County, Mrs. Gower was denied the benefit of employment. As a result thereof, she has suffered anxiety, apprehension, emotional distress, loss of self esteem, and therefore has been so damaged.

15. Mrs. Gower has diligently sought employment of like or lesser wages and has been unsuccessful in obtaining employment.

## COUNT I

16. Mrs. Gower hereby re-alleges and incorporates herein by reference the allegations above of Paragraphs 1 through 15 as set forth fully herein.

17. The actions of Defendant Brent Myers, acting for Grundy County as an agent, were all taken under color of state law.

18. The actions of Defendant Sheriff Brent Myers constitute unlawful discrimination on the basis of age and/or sex in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and in violation of the Tennessee Human Rights Act as codified at T.C.A § 4-21-301 et seq. and T. C. A. § 4-21-401 et seq..

## COUNT II

19. Mrs. Gower hereby re-alleges and incorporates herein by reference the allegations above of Paragraphs 1 through 18 as set forth herein.

20. The actions of Defendant Sheriff Brent Myers, acting for Grundy County, in failing to hire Mrs. Gower, an individual with vastly more experience and previous certification than those who were subsequently hired, was in retaliation for her filing an EEOC charge of discrimination and ultimately a Federal law suit against Grundy County and the prior Sheriff of

4

Grundy County. These actions constitute common law retaliation under Tennessee law. The Defendants are thus liable for compensatory and punitive damages.

## COUNT III

21. Mrs. Gower re-alleges and incorporates herein by reference the allegations above of Paragraphs 1 through 20 as set forth fully herein.

22. The actions of Defendant Sheriff Brent Myers, acting for Grundy County, in failing and/or refusing to hire Mrs. Gower, a vastly more experienced and previously certified individual while hiring individuals of lesser age and/or the opposite sex with little or no training, constitute a cause of action under T.C.A. § 50-3-104, et seq. The Defendants are thus liable for compensatory and punitive damages, and all other relief afforded under such statutory provision.

WHEREFORE, PREMISES CONSIDERED, Mrs. Gower prays as follows:

1. That proper process issue requiring the Defendants to answer this complaint;

2. That she be awarded damages for discrimination, and retaliation, including future lost wages, loss of earning capacity, loss of enjoyment of life, damage to reputation, embarrassment, loss of self-esteem, emotional distress, fear, anxiety and depression in the amount of Five hundred thousand ($500,000.00) dollars for compensatory damages;

3. That punitive damages be awarded in a like amount of five hundred thousand ($500,000.00) dollars;

4. That she be awarded post-judgment interest, attorneys fees, discretionary costs, and the cost of this cause;

5. That this case be tried by a Jury;

6. That she have all appropriate general relief.

Respectfully submitted,

_(signature)_
Russell L. Leonard, BPR # 014191
Attorney for Plaintiff
315 North High Street
Winchester, Tennessee 37398
(931) 962-0447

_(signature)_
R. Dee Hobbs, BPR, #010482
Attorney for Plaintiff
701 Market Street, Ste 1217
Chattanooga, Tennessee 37402
(423) 266-6461